IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:16-cv-02450-MJW

BEVERLY CRIBARI

     Plaintiff,

v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

     Defendant.

---

### DEFENDANT'S MOTION TO DISQUALIFY DEZARAE D. LACRUE, ESQ

---

The Defendant, Allstate Fire & Casualty Insurance Company, through their attorneys, Tucker Holmes, P.C., submits the following Motion to Disqualify DezaRae LaCrue, Esq.:

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(A), counsel for Defendant has conferred with opposing counsel regarding the relief requested in this motion.  Plaintiff **opposes**.

### INTRODUCTION

Ms. LaCrue's status as a necessary witness should be uncontested.  This case arises out of an automobile accident that occurred February 13, 2015.  Very shortly after the accident, Plaintiff retained Ms. LaCrue, and notice of the representation was provided to Defendant in a letter dated February 25, 2015.  Since her retention, Ms. LaCrue has been the primary point of contact with Defendant regarding Plaintiff's underinsured motorist claim.   Ms. LaCrue controlled the flow of information to Defendant during the claim process, and aside from a

-1-

meeting at Ms. LaCrue's office, representatives of Defendant did not communicate directly with Plaintiff following receipt of notice of Ms. LaCrue's representation.

During discovery, facts came to light that demonstrate that Defendant was not provided information, or the identity of individuals who possessed material information, during the pre-litigation claims process.  Accordingly, Defendant included that information in its Motion for Summary Judgment.  After Defendant filed its Motion for Summary Judgment, Mr. Levy entered his appearance as additional counsel of record for Plaintiff, and Plaintiff's Response to Defendant's Motion for Summary Judgment was filed shortly thereafter.  Attached to Plaintiff's Response was an affidavit of Ms. LaCrue that disputed certain factual contentions presented in the Motion for Summary Judgment.  On October 23, 2017, Plaintiff served her Ninth Supplemental Disclosures, and officially identified Ms. LaCrue as an individual with information regarding disputed facts.  Plaintiff styled the disclosure of Ms. LaCrue as a "conditional disclosure," which is not a witness designation recognized by the Federal Rules of Civil Procedure.  Ms. LaCrue's affidavit and involvement as the sole facilitator of information from Plaintiff to Defendant has resulted in the inescapable conclusion that Ms. LaCrue is likely a necessary witness at trial.  It is also reasonably likely that Ms. LaCrue may present evidence which damages Plaintiff's claims, thereby creating a conflict of interests.

The Colorado Rules of Professional Conduct prohibit an attorney from acting as both an advocate and a witness in the same matter.  Because no exception to the general rule applies, Ms. LaCrue should be disqualified from acting as trial counsel and disqualified from involvement in further discovery in this matter.

## LEGAL STANDARDS

The United States District Court for the District of Colorado applies the rules of professional conduct adopted by the Colorado Supreme Court as the standards for professional responsibility. *See,* D.C.Colo.LAttyR 2; *see also*, *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994). The disqualification of counsel is a matter that is largely left to the discretion of the trial court. *Fognani v. Young*, 115 P.3d 1268 (Colo. 2005). The party moving for disqualification bears the burden of establishing grounds for disqualification. *Id.*

Rule 3.7 of the Colorado Rules of Professional Conduct ("Rule 3.7") applies to the situation presented in this motion and states, in pertinent part:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1)   The testimony relates to an uncontested issue;
> (2)   The testimony relates to the nature and value of legal services rendered in the case, or;
> (3)   Disqualification of the lawyer would work substantial undue hardship on the client.

Rule 3.7(a)

"The question of disqualification culminating from counsel's status as attorney and witness in the same proceeding is premised on the so-called advocate-witness rule[.]" *Fognani*, at 1272. In *Fognani*, the Court explained the rationale behind the rule is that "a lawyer who intermingles the functions of advocate and witness diminishes his effectiveness in both cases." *Id.* (quoting *Williams v. El Paso County District Court*, 700 P.2d 549, 553 (Colo. 1985)). The *Fognani* Court further explained that "[t]he client's case is subject to criticism that it is being presented through the testimony of an obviously interested witness who on that account is

subject to impeachment, and, of equal importance, placed in the unseemly position of arguing his own credibility to the jury." *Id.* It must also be noted that combining the roles of advocate and witness can prejudice the opposing party as well as create a conflict of interest between the attorney and the client. *Id.*

The District Court for the District of Colorado has also had occasion to interpret Rule 3.7 in the context of litigation. In *World Youth Day*, Judge Babcock noted that the comments to Rule 3.7 explain the rationale against allowing a lawyer to act as an advocate at a trial in which they are likely to be a necessary witness:

> [1] Combining the roles of advocate and witness can involve a conflict of interest between the lawyer and client and can prejudice the opposing party. If a lawyer is both counsel and witness, the lawyer becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his or her own credibility.
>
> [2] The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness would be taken as proof or as an analysis of the proof.

866 F. Supp. at 1301–02 (quoting the comments to Rule 3.7)

After reviewing the applicable rules and case law, Judge Babcock concluded that an attorney must be disqualified under Rule 3.7 when a lawyer will likely be a necessary witness. In determining whether a lawyer will be a necessary witness, Judge Babcock concluded "a lawyer is a necessary witness if his or her testimony is relevant, material and unobtainable

elsewhere." *Id.* at 1032. "[T]he question is not whether [counsel] will be called to testify at trial, but whether he is likely to be a necessary witness." *Id.*

## ARGUMENT

### 1.  Ms. LaCrue Is Likely To Be A Necessary Witness

Ms. LaCrue has been the primary conduit through which information has flowed between Plaintiff and Defendant since February 25, 2015.  She has intimate knowledge of the information provided to Defendant as well as any information was not provided to Defendant.  Additionally, Ms. LaCrue intentionally made herself a necessary witness by authoring an affidavit, attesting to the contents of the affidavit, and submitting the affidavit as an exhibit to Plaintiff's Response to Defendant's Motion for Summary Judgement.  **Exhibit A**, Affidavit of Ms. LaCrue (the "Affidavit").  In the Affidavit, Ms. LaCrue attested that she met with Plaintiff's surgeon, Dr. Choudhry, on January 15, 2016 "about all items requested by Allstate."  **Exhibit A**, ¶ 5. According to Ms. LaCrue, Dr. Choudhry was unable to provide an estimate of future surgical costs or outcomes of any potential procedures.  *Id.*  The statement of Ms. LaCrue contradicted the deposition testimony of Dr. Choudhry, who testified that he recalled estimating some costs for Ms. LaCrue.  **Exhibit B**, 31:10-32:13.  The statement also contradicts the statements of Ms. LaCrue made prior to litigation.  For example, on March 2, 2016, Ms. LaCrue wrote to Paula Perdue that she had met with Dr. Choudhry in January to obtain opinions on Plaintiff's injuries, treatment, and future care, but could not anticipate additional questions that Ms. Perdue may have had for the doctor.  **Exhibit C**, Bates No. Allstate 000303.  Ms. LaCrue then acknowledged that Ms. Perdue was requesting costs of future surgery, wage loss resulting from any procedures, and impairment after any procedure was performed. *Id.*  Later, on March 24, 2016, Ms. LaCrue

wrote that she would facilitate another meeting with Dr. Choudhry to obtain the information Ms. Perdue had been requesting, including charges for future surgery and amount of time Plaintiff would miss from work as a result.  **Exhibit D**, Bates No. Allstate 001083.  However, as set forth in her affidavit, Ms. LaCrue had asked Dr. Choudhry about the costs of future surgery on January 15, 2016, and Dr. Choudhry was unable to provide the information. **Exhibit A**, ¶ 5.  If Ms. LaCrue had indeed asked Dr. Choudhry in January to estimate surgical costs and he could not, then Ms. LaCrue's statements in the March 2 and March 24 letters warrant inquiry because it could be inferred as misleading Ms. Perdue to believe that Dr. Choudhry was capable of providing the requested information despite Ms. LaCrue's knowledge to the contrary.  If, on the other hand, Ms. LaCrue did not ask Dr. Choudhry about surgical costs in January 2016, then that presents a separate series of questions related to the accuracy of the contents of her affidavit. Either way, the factual inconsistencies demand to be investigated which requires that Ms. LaCrue testify as a witness.

In addition to the above, it is apparent that Plaintiff recognizes that Ms. LaCrue will likely be a necessary witness.  On October 23, 2017, Plaintiff served her Ninth Supplemental Disclosures, naming Ms. LaCrue as a person with information on disputed facts.  **Exhibit E**. Because the term "conditional disclosure" has no meaning, definition, or significance, the disclosure of Ms. LaCrue can be taken as an admission that, based on the claims and defenses before the Court, Ms. LaCrue may be required to testify at trial.  A disclosure of a potential witness is always "conditional" in the sense that if the subject matter the disclosed witness is said to have information regarding is no longer relevant to the claims or defenses of the parties, then that witness would not be called to testify at trial.

The disclosure states that Ms. LaCrue will testify that Ms. LaCrue asked Dr. Choudhry about the costs of future procedures but he was unable to provide the information. *Id*. p. 3.  The disclosure also states that Ms. LaCrue will testify regarding her knowledge or belief about the investigation Ms. Perdue had conducted regarding future medical care for Plaintiff. *Id*. p. 5.  In fact, Ms. LaCrue's entire disclosure can be summarized by stating that Ms. LaCrue will testify regarding all actions taken on behalf of Plaintiff prior to litigation.   This comports with Plaintiff's deposition testimony that she did not want to deal with the claims process and that is why she hired an attorney.  **Exhibit F**, 32:8-10.  Plaintiff was also not aware of what was provided to Defendant as she relied on Ms. LaCrue to handle everything.  **Exhibit F**, 33:21-34:2. Plaintiff also deferred to Ms. LaCrue on how much income she had lost as a result of the accident.  **Exhibit F**, 44:15-18 and 45:16-21.  In short, there are many specifics which Plaintiff will be unable to testify regarding because she was not involved in the claims process, and the information is solely within the possession of her attorney.  The District Court for the Eastern District of Pennsylvania recently evaluated a similar set of facts and concluded that the attorney must be disqualified under Pennsylvania's identical Rule 3.7.  *See See Adeniyi-Jones v. State Farm Mut. Automobile Ins. Co..*, CV 14-7101, 2016 WL 3551486, at *4 (E.D. Pa. June 30, 2016) ("If the finder of fact is to determine whether [defendant] acted in bad faith, it must consider the testimony of both [plaintiffs' attorney] and [the adjuster] about the nature of any agreement to provide [plaintiff's] medical records or other information.").   In addition to disputing the nature of any agreement between Ms. Perdue and herself, Ms. LaCrue is also the only witness to contradict the deposition testimony of Dr. Choudhry.  Ms. LaCrue is the common denominator in many of the issues in this case.  This on its own is sufficient to disqualify Ms. LaCrue.  As a

result of being the sole conduit for information during pre-litigation matters and filing an affidavit to rebut testimony of another witness, Ms. LaCrue's testimony is "relevant, material, and unobtainable elsewhere." *World Youth Day*, 866 F. Supp. At 1302. As a result, Ms. LaCrue is certainly likely to be a necessary witness at trial. *Id*.

### 2.     Ms. LaCrue Must Be Disqualified From Acting As Trial Counsel Or Participating In Further Depositions

In cases where an attorney has placed themselves in the position of being both a witness and an advocate for the client, the United States District Court for the District of Colorado has disqualified such attorneys from acting as trial counsel or participating in depositions. *See World Youth Day*, 866 F. Supp. At 1304; *see also Merrill Lynch Bus. Fin. Services, Inc. v. Nudell*, 239 F. Supp. 2d 1170, 1173 (D. Colo. 2003) (disqualifying attorney from acting as trial counsel where testimony "would not be merely cumulative; and [counsel] is the only witness with personal knowledge of some of the facts."); *see also Dunn v. Miceli*, 2015 WL 1868134, at *8 (D. Colo. Apr. 22, 2015) (disqualifying counsel for plaintiff for, in part, presence of counsel throughout the relevant timeline of events).

In *World Youth Day*, the court disqualified the attorney under Rule 3.7 where the attorney had been the primary point of contact between the parties and was the only individual on one side that had first-hand and non-privileged knowledge of relevant and material facts. 866 F. Supp. At 1302 ("For instance, [defendant's attorney] and [plaintiff's attorney] were the *only* participants in numerous and lengthy telephone negotiations concerning the detailed agreement, the contents of which are directly relevant to [plaintiff's] claims for breach of implied contract and breach of the duty of good faith.") Here, while Dr. Choudhry and Ms. Perdue

participated in conversations with Ms. LaCrue, there is a factual dispute as to the contents of those discussions created entirely by Ms. LaCrue.  Certainly, the credibility of witnesses to a disputed conversation will factor into the jury's consideration, and this factor weighed in favor of disqualification in *World Youth Day*.  *Id*. at 1303 ("Here, there is a substantial risk that a jury will be confused by an advocate also appearing as a witness.  The jury may attribute too much or too little weight to [counsel's] testimony because of his dual role.  In any event, [counsel's] dual role will taint the trial and give either [party] an unfair advantage in rebutting or advancing the substantive allegations at issue.").  Ms. LaCrue must also be disqualified from participating in depositions going forward, largely for the same reasons that she must be disqualified from acting as trial counsel.  *See World Youth Day*, at 1304 ("Realistically, the testimony from oral depositions in this case cannot easily be taken and read into evidence without revealing [counsel's] identity as the deposing attorney.  Indeed, [counsel] himself probably will be deposed.  Moreover, **it is naive to believe that depositions are divorced from trial advocacy**.") (emphasis added).

In this case, Ms. LaCrue's intimate involvement in pursuing Plaintiff's UIM claim on behalf of Plaintiff, as well as Ms. LaCrue's affidavit rebutting Dr. Choudhry's deposition testimony and Ms. Perdue's testimony, has resulted in the inescapable conclusion that Ms. LaCrue is the only or one of the primary witnesses in disputed matters of fact with first-hand personal knowledge of much of what has taken place in this matter, and is certainly the only witness to dispute that Dr. Choudhry provided her with surgical cost estimates.  Simply put, she is more than merely likely to be a necessary witness, and is instead virtually certain to be a witness.

### 3.     This Motion Is Not Brought For Any Tactical Reason

It should come as no great surprise that Ms. LaCrue is likely to be a necessary witness at trial.  Indeed, it was Ms. LaCrue who authored her affidavit contesting the version of events set forth by Dr. Choudhry and Ms. Perdue during their respective depositions, and it was Plaintiff herself who disclosed Ms. LaCrue as a witness with relevant information on the entire course of pre-litigation dealings between the parties.  Defendant did not take the actions that resulted in Ms. LaCrue becoming a necessary witness, and could not predict that she would prepare an affidavit rebutting deposition testimony of multiple witnesses, or that Plaintiff would serve a disclosure identifying Ms. LaCrue as a witness with relevant information spanning 4+ pages. Any question of tactical reasons is properly directed to Plaintiff.

It also cannot be reasonably asserted that Plaintiff will suffer prejudice from the disqualification.  Marc Levy, Esq., Matthew Hall, Esq., and Jeffrey Boxer, Esq. entered their appearance in this matter shortly before Ms. LaCrue's affidavit was filed with the Response to Defendant's Motion for Summary Judgment, and Mr. Levy is the attorney who signed the disclosure certificate identifying Ms. LaCrue as a witness with information on relevant issues. Whether the timing of the entry of appearance is an admission that Ms. LaCrue likely became a necessary witness is beyond the scope of this motion, and would require a fair bit of speculation. However, Mr. Levy has a wealth of experience and is more than competent counsel.  He is certainly capable of handling this case and appears intent on acting as lead trial counsel, whether or not Ms. LaCrue is a witness.

## CONCLUSION

The facts of this case mandate that Ms. LaCrue be disqualified from further acting as counsel. Whether by choice or by accident, Ms. LaCrue has made herself a necessary witness. If her testimony was not necessary, it stands to reason that she would not have been required to prepare an affidavit to contest material facts.

WHEREFORE, Defendant respectfully requests that the Court issue an order disqualifying DezaRae LaCrue, Esq. from acting as trial counsel for Plaintiff, prohibiting her from taking or defending any further depositions in this matter, and for such other relief as this Court deems just and proper.

DATED:  February 5, 2018

Respectfully submitted,

By: *s/ Kurt H. Henkel*
Kurt H. Henkel
Nicole L. King
Winslow R. Taylor, III
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com; nlk@tucker-holmes.com; and wrt@tucker-holmes.com
*Attorneys for Allstate Fire & Casualty Insurance Company*

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2018, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISQUALIFY DEZARAE D. LACRUE, ESQ** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

DezaRae LaCrue
Patricia A. Meester
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO 80014
meesterp@fdazar.com
lacrued@fdazar.com

Marc R. Levy
Matthew W. Hall
Jeffrey H. Boxer
LEVY •WHEELER •WATERS
Professional Corporation
6465 Greenwood Plaza Blvd., Suite 650
Englewood, CO 80111
mlevy@lwwlaw.com
mhall@lwwlaw.com
jboxer@lwwlaw.com

*The duly signed original held in the file located at Tucker Holmes, P.C.*

   */s/ Kurt H. Henkel*
 Kurt H. Henkel

-12-